506

given by Freeman is sufficient corroboration of that given by the codefendant, Nicholson, to meet the requirements of the law.

 With reference to appellant's contention that he was entitled to an instruction on the law of circumstantial evidence, we deem it pertinent to here state that where there is direct and positive evidence from any source, the case is taken out of the realm of circumstantial evidence because under such state of facts it does not rest wholly upon circumstances. See Hawkins v. State, 124 Tex.Cr.R. 23, 60 S. W.2d 227; Branch's Ann.Tex.P.C., p. 1040, sec. 1874; Reese v. State, Tex.Cr.App., 157 S.W.2d 913, and cases there cited.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for the theft of chickens. The penalty assessed is confinement in the county jail for a period of 25 days.

The record is before us without bills of exception or a statement of facts. Appellant entered a plea of guilty to the offense charged and waived a jury upon the trial. The indictment appears to be in due form.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

